```
           IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
SUNNY JANI, as Administrator
of the Estate of MICHAEL L.    *
WEBSTER, deceased,
                                *
     Plaintiff,
v.                              *    CIVIL NO.: WDQ-04-1606

BERT BELL/PETE ROZELLE NFL     *
PLAYER RETIREMENT PLAN,
et al.,                         *

     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Sunny Jani, Administrator of the Estate of Michael Webster (the "Plaintiff"), sued the Bert Bell/Pete Rozell NFL Player Retirement Plan and the NFL Player Supplemental Disability Plan (collectively, "the Plan") for wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (2005).  On April 26, 2005, the Court granted Plaintiff's motion for summary judgment.  Pending is Plaintiff's petition for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).  For the following reasons, the petition will be granted.

ANALYSIS

ERISA allows the award of "reasonable attorney's fees."  29 U.S.C. § 1132(g)(1).

1

A.   Determining Whether to Award Attorney's Fees

In determining whether to award attorney's fees courts evaluate: 1) the opposing party's culpability or bad faith; 2) its ability to pay; 3) whether awarding attorney's fees would deter others; 4) whether the party requesting attorney's fees sought to benefit all plan participants and beneficiaries or to resolve a significant legal question regarding ERISA; and 5) the relative merits of the parties' positions.  *Johannssen v. District No. 1 - Pacific Coast District, MEBA Pension Plan*, 292 F.3d 159, 178-9 (4th Cir. 2002); *Quesinberry v. Life Insurance Company of North America*, 987 F.2d 1017 (4th Cir. 1993).  No one factor is determinative, however, these factors are the "nuclei of concerns that a court should address."  *Quesinberry,* 987 F.2d 1017, 1029.

1.   Degree of Culpability

Culpability connotes wrongful conduct that is not intentional or deliberate.  *Clark v. Metropolitan Life Insurance Company,* 2005 WL 1667785, slip op. (E.D.Va. 2005); *Edmonds v. Hughes Aircraft Co.,* 1998 WL 782016, slip op. (E.D.Va. 1998).  Culpability can be found where a plans decision is "discernibly against the weight of the evidence."  *Edmonds,* 1998 WL 782016 at *5; *see also Edmonds v. Hughes Aircraft,* 145 F.3D 1324 (4th Cir. 1998).

2

Bad faith connotes deliberate misconduct to harm another or advance one's self-interest. *Clark,* 2005 WL 1667785 (bad faith found where the plan denied death benefits contrary to the opinion of its own medical expert and after an incomplete investigation); *Cox v. Reliance Standard Life Insurance,* 179 F.Supp.2d 630 (E.D.Va. 2001)(bad faith found where plan denied death benefits after an inadequate investigation and where the plan sought out, but then rejected the opinion of Commonwealth's attorney that it would be impossible to determine whether beneficiary was committing a felony at the time of his death). Not every abuse of discretion constitutes bad faith. *Wheeler v. Dynamic* Engineering, Inc., 62 F.3d 634 (4th Cir. 1995).

Webster was diagnosed with brain damage and applied for benefits in 1998, contending that he had been totally disabled since his retirement from football in 1991. Memorandum Opinion, p. 3,4. Webster provided evidence that he had been unable to work after he retired and evaluations from three doctors (including the plan's doctor) opining that Webster was totally disabled by 1991. *Id* at 4-6. Despite this evidence, the Plan found that Webster was not totally disabled until 1996 and therefore was entitled to smaller benefits. *Id* at 6. The Plan ignored its own doctor, relying instead on Webster's oncologist who did not diagnose cognitive impairments until 1996; there was no indication that the oncologist had previously examined

3

Webster's neurological condition. *Id* at 7-9.

The Court held that the decision to deny benefits was an abuse of discretion. Given the overwhelming evidence supporting Webster's claim, the Plan's decision indicates culpable conduct, if not bad faith. Accordingly, this factor favors the Plaintiff.

2. The Ability of the Parties to Pay the Fees

The Plan does not dispute its ability to pay attorney's fees. Accordingly, this factor favors the Plaintiff.

3. Deterrence

An award of attorney's fees would likely deter the Plan and other benefit plans from future abuses. Therefore, this factor favors the Plaintiff.

4. Benefit to All Participants of ERISA Plans

There is no evidence that the Plaintiff brought this action for the benefit of all ERISA plan participants or to resolve a significant legal question regarding ERISA itself. Therefore, this factor favors the Plan.

5. The Relative Merits of the Parties Positions

As noted above, the Plan's decision to deny Webster's request for larger benefits was an abuse of discretion that

4

constituted culpable, if not bad faith, conduct.  Accordingly, this factor favors the Plaintiff.

As the balance of the five factors favors the Plaintiff, attorney's fees should be awarded.


B.   Determining Reasonable Attorney's Fees

In calculating an award of attorney's fees, courts multiply the number of reasonable hours expended by a reasonable rate. *Brodziak v. Runyon*, 145 F.3d 194 (4th Cir. 1998).  In deciding what constitutes reasonable hours and rates, courts consider: (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) skill required; (4) the attorney's opportunity costs in bringing the litigation; (5) the customary fee for similar work; (6) the attorney's expectations at the start of the litigation; (7) time limitations imposed; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.  *Id, see also EEOC v. Service News Co.,* 898 F.2d 958, 965 (4th Cir.1990); *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir. 1978).

Plaintiff initially requested $170,516.25 in attorney's fees

5

and $11,779.36 in costs.  The Plan objected to fees charged during the administrative appeal process and Plaintiff reduced his request to $125,016.25 in fees and $3,746.69 in expenses.  On June 7, 2005 Plaintiff submitted a Second Supplemental Affidavit of Cyril Smith detailing additional fees and expenses for work performed after the Court's grant of summary judgment.  As the Plan has not responded or objected to this addition, it is incorporated.  Accordingly Plaintiff now seeks $141,924.75 in attorney's fees and $8,109.25 in expenses.  Second Supplemental Affidavit of Cyril V. Smith, Exhibits A,B.

Plaintiff's fee request reflects 425.10 hours of work performed by attorneys Cyril Smith and Sean Vitrano at Zuckerman Spaeder, LLP and Robert Fitzsimmons, a West Virginia plaintiff's lawyer.  Mr. Smith, a partner at Zuckerman Spaeder with 19 years experience, charged $380.00-$400.00 per hour; Mr. Vitrano an associate with 4 years experience, charged $250.00-$265.00 per hour.  Paralegals at Zuckerman Spaeder charged 145.00-160.00 per hour.  Mr. Fitzsimmons, who has 27 years experience, charged $500.00 per hour.

The Plan argues that fees cannot be recovered for: 1) work performed by Mr. Fitzsimmons; 2) time spent by Mr. Smith on media related activities; 3) fees incurred in Plaintiff's attempt to depose Sarah Gaunt; and 4) expenses incurred.

6

1.  Work Performed by Mr. Fitzsimmons

The Plan argues that Plaintiff cannot recover attorney's fees for the hours charged by Mr. Fitzsimmons because: 1) fees are requested for work performed during the administrative claims process; 2) Mr. Fitzsimmons' work was unnecessary and duplicative; and 3) Mr. Fitzsimmons' fees are excessive.

   a.  Work Performed During the Administrative Claims Process

Plaintiff concedes fees cannot be recovered for work performed during the administrative claims process.  Accordingly, Plaintiff has amended his request.  The $141,924.75 in attorney's fees and $8,109.25 in expenses Plaintiff requests does not include expenses incurred during the administrative claims process.

   b.  Work Performed by Mr. Fitzsimmons

The Plan argues that the 18.5 hours of work billed by Mr. Fitzsimmons' work was unnecessary and redundant.  Plaintiff contends that Mr. Fitzsimmons provided essential review and guidance of Mr. Smith's work.

As the Plan has noted, Plaintiff may not recover attorney's fees for duplicative work, *Thomas v. Peacock,* 39 F.3d 493 (4th Cir. 1994) *rev'd on other grounds*, *Peacock v. Thomas,* 516 U.S. 349 (1996); *Goodwin v. Metts,* 973 F.2d 378 (4th Cir. 1992). Although the majority of Mr. Fitzsimmons billing entries involve

7

the "review" of correspondence, Plaintiff asserts that Mr. Fitzsimmons' participation involved sharing of factual and legal research, development of case strategy and discussions of draft documents.  Reply Memorandum, p. 4.  Given Mr. Fitzsimmons knowledge of Mr. Webster and the case, this participation was neither unnecessary nor duplicative.  Accordingly, attorney's fees for Mr. Fitzsimmons' work will be awarded.

    c. Excessive Fees

The Plan argues that Plaintiff has failed to demonstrate that $500.00 per hour is the prevailing rate in the district and, therefore, Mr. Fitzsimmons's rate of $500.00 per hour is unreasonable.

According to the evidence provided by Plaintiff, only two law firms (the largest and third largest) in Baltimore charge $500.00 per hour for their partners services.  Petition for Attorney's Fees, Ex. 6.  Only one, the largest firm in the city, charges more than $500.00 per hour.  *Id.*  There is no showing that the two firms that charge $500.00 or more per hour do so for ERISA litigation.  Although Mr. Fitzsimmons is an experienced attorney, and the Plaintiff prevailed, there is no showing that: 1) the time expended; 2) difficulty of the questions raised; 3) the skill required by the case; 4) opportunity costs incurred; 5) the attorney's expectations at the start of the litigation; or 6) time limitations imposed favor an award of a rate in excess of

8

the local rates.

Accordingly, the Court will award attorney's fees to Mr. Fitzsimmons at the rate of $400.00 per hour, the rate charged by co-counsel Smith.  The Plan has not argued that Mr. Smith's rates are unreasonable and $400.00 per hour more closely reflects prevailing rates in the District.  Therefore, Plaintiff's award of attorney's will be reduced by $1,850.00.

2.  Time Spent on Media Related Activities

The Plan argues that the Plaintiff cannot recover attorney's fees for time Mr. Smith engaged in media-related activities. Plaintiff contends that: 1) Mr. Smith was responding to a media campaign initiated by the Plan; and 2) Mr. Smith's communication with the press constituted case investigation.

Courts determining the reasonableness of fees under § 1988 apply the 12 factor test used in ERISA cases.  *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169 (4th Cir. 1994).  Attorney's fees cannot be recovered for media related activities under the Civil Rights Attorney Fee Act, 42 U.S.C. § 1988.  *Id.* Accordingly, the Court will adopt the *Rum Creek* prohibition on the recovery of attorney's fees for media related activities. That Plaintiff initiated the media campaign is irrelevant. Moreover, Home Box Office's (HBO) independently discovered

9

witness helpful to the Plaintiff does not elevate the Plaintiff's communication with HBO to case investigation. Accordingly, Plaintiff will not be awarded attorney's fees for the 6.95 hours Mr. Smith spent on media related activities. Therefore, Plaintiff's award of attorney's fees will be reduced by $2,747.00.

3.  Fees Incurred in Plaintiff's Attempt to Depose Sarah Gaunt

The Plan argues that Plaintiff should not recover attorney's fees for Plaintiff's unsuccessful attempt to depose Sarah Gaunt because recovery of fees is limited to claims on which Plaintiff prevailed.

When a case includes different claims based on different facts and legal theories, an unsuccessful claim may be treated as if it had been raised in a separate lawsuit. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). When the claim is unsuccessful, no attorney's fees should be awarded. *Id.* However, when the plaintiff's claims involve a common core of facts or related legal theories, the suit cannot be viewed as a series of discrete claims. *Id.*

As Plaintiff's attempted to depose Gaunt to prove that the Plan abused its discretion in denying Webster benefits, the attempt was directly related to the claim on which Plaintiff

10

prevailed.  Accordingly, Plaintiff can recover attorney's fees for work performed in its attempt to depose Gaunt.

4. Recovery of the Expenses of the Litigation

Plaintiff has submitted a request for expenses totaling $8,109.25. The Plan contends that Plaintiff is entitled only to costs provided for under 28 U.S.C. § 1920, the general federal cost statute, and therefore Plaintiff is entitled to $200 in costs.

Title 29 U.S.C. § 1132(g) vests discretion to award reasonable attorney's fees and costs in the Court.  Plaintiff's costs include photocopying expenses, telephone charges, research expenses, overtime for secretaries and the cost of professional services by Maryland First Financial; these expenses are not unreasonable.  Accordingly Plaintiff will be awarded costs.

## Conclusion

As the Plaintiff was granted summary judgment, and in light of the Plan's conduct, Plaintiff will be awarded attorney's fees and costs.  Reasonable fees and costs equal the requested $141,924.75 in attorney's fees and $8,109.25 in expenses minus

the $4597.00 in fees charged in excess of local rates and for media related activities.  Accordingly attorney's fees of $137,327.75 and expenses of $3,847.00 will be awarded.

<u>November 7, 2005</u>                               <u>      /s/                </u>
Date                                    William D. Quarles, Jr.
                                        United States District Judge